FAIRCHILD FARMS, INC., Aageson Grain & Cattle, and R Land, Inc., Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, National Appeals Division, Defendant.

No. CV 05–22 GF–SEH.

United States District Court, D. Montana, Great Falls Division.

Sept. 30, 2005.

Beth Angus Baumstark, Sarah Vogel Law Firm, Bismarck, ND, Floyd D. Cord-

er, Corder & Allen, Great Falls, MT, for Plaintiffs.

George F. Darragh, Jr., Office of the U.S. Attorney, Great Falls, MT, Margaret M. Breinholt, U.S. Department of Agriculture, Washington, DC, for Defendant.

## ORDER

HADDON, District Judge.

### *INTRODUCTION*

This case presents by cross motions for summary judgment the question of whether attorneys' fees are allowable to Plaintiffs as successful appellants in adversary proceedings before the Farm Service Agency (FSA). The issue is raised by Petition for Judicial Review of Agency Action under 5 U.S.C. § 701 et seq. (2000), 7 U.S.C. § 6999 (2000), and 7 C.F.R. § 11.13 (2005), and is before the Court on cross-motions for summary judgment. The facts material to resolution of the question presented are uncontroverted.[1]

### *DISCUSSION*

The Administrative Procedures Act (APA) provides for attorneys' fees to the prevailing party in certain administrative proceedings if there has been "an adversary adjudication" in which the position of the administrative agents was not "substantially justified." 5 U.S.C. § 504(a)(1) (2000). The United States concedes that Plaintiffs are prevailing parties and do not argue the FSA's position was substantially justified. The sole question is thus whether the NAD determination resulted from an "adversary adjudication."

The Court has found only one reported case in which the precise question present-

ed here has been raised and resolved. *Lane v. United States*, 120 F.3d 106 (8th Cir.1997). There, the Eighth Circuit found that "NAD proceedings are: 1) adjudications; 2) there is an opportunity for a hearing; and 3) the hearing must be on the record." *Lane* at 108.

The language of the statute is clear. The Eighth Circuit's determination is consistent with the plain language of the act. *See Lane* discussion at 108–09. Plaintiffs are entitled to an award of reasonable fees and costs.

ORDERED:

1. Defendant's Motion for Summary Judgment[2] is DENIED.

2. Plaintiffs' motion for Summary Judgment[3] is GRANTED.

3. The matter is remanded to the NAD for consideration of Plaintiffs' requests for fees and expenses under 5 U.S.C. § 504.

Exhibit A

## PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS

Pursuant to Rule 56.1 of the Local Rules of Procedure of the United States District Court for the District of Montana, Plaintiffs submit this Statement of Uncontroverted Facts consisting of the specific facts on which Plaintiffs rely in support of their Motion for Summary Judgment.

1. On March 17, 2004, the Farm Service Agency (FSA) denied Fairchild Farms, Inc.'s claim for loss under the 2003 Noninsured Crop Disaster Assistance Program (NAP). [Fairchild Farms, Inc. (Fairchild) Administrative Record (AR) pages 000139–141]

---

**1.** *See* Plaintiffs' and Defendant's Statement of Uncontroverted Facts attached to this Order as Exhibits "A" & "B."

**2.** Docket No. 18.

**3.** Docket No. 15.

2. On April 21, 2004, FSA denied Aageson Grain and Cattle's claim for loss under the 2003 Noninsured Crop Disaster Assistance Program (NAP). [Aageson Grain and Cattle (Aageson) AR pages 000145–148; 000149–151]

3. On May 19, 2004, FSA denied R Land, Inc.'s claim for loss under the 2003 Noninsured Crop Disaster Assistance Program (NAP). [R Land, Inc. (R Land) AR pages 000143–145; 000137–140]

4. All three denials were based on a Montana State Policy that excluded all perennial grasses from coverage during their first year of establishment. [Fairchild AR pages 000139–141; Aageson AR pages 000145–148, 000149–151; R Land AR pages 000137–140, 000143–000145]

5. Fairchild Farms, Inc., Aageson Grain and Cattle, and R Land, Inc. each filed a timely appeal of the adverse decision and the three appeals were combined for an in-person hearing before a National Appeals Division Hearing Officer on October 27 and 28, 2004. [Fairchild AR pages 000135, 000143; Aageson AR pages 000144, 000164; R Land AR pages 000136, 000147]

6. FSA was represented at the combined hearing by two agency officials from the Montana State FSA Office: Leonard McArthur, Program Specialist and Patricia Soares, Program Specialist. [Appeal Determination, Fairchild AR page 000163 and tapes page 000337; Aageson AR page 000184 and tapes page 000359; R Land AR page 000167 and tapes page 000343]

7. During the hearing, Mr. McArthur and Ms. Soares entered into stipulations, gave opening statements, cross-examined witnesses, introduced evidence, and made closing arguments on behalf of FSA. [Appeal Determination, Fairchild AR page 000163 and tapes page 000337; Aageson AR page 000184 and tapes page 000359; R Land AR page 000167 and tapes page 000343]

8. On November 26, 2004, the Hearing Officer issued his Appeal Determination in each of the three appeals determining that FSA's decision to deny each appellant 2003 NAP benefits was erroneous. [Appeal Determination, Fairchild AR pages 000146–151; Aageson AR pages 000167–175; R Land AR pages 000150–154]

9. The NAD hearing officer found that FSA erred in denying coverage of a crop that is specifically included in the crops covered by NAP under 7 C.F.R. § 1437.5. Further, the hearing officer found that the policy adopted by the Montana State FSA, on which the denial of Plaintiffs' claims were based, "goes beyond being over-restrictive and actually avoids the requirement for NAP coverage." [Appeal Determination, Fairchild AR pages 000148–149; Aageson AR pages 000168–170; R Land AR pages 000151–152]

10. Farm Service Agency did not request review by the Director of the National Appeals Division in any of the three appeals and the appeal was administratively concluded on January 3, 2005. Notice of Conclusion of Appeal was mailed to each of the parties by the National Appeals Division on January 11, 2005. [Fairchild AR pages 000283–284; Aageson AR pages 000305–306; R Land AR pages 000289–290]

11. Fairchild Farms, Aageson, and R Land filed a joint application for an award of attorney's fees and expenses in the amount of $17,943.84, pursuant

to the Equal Access to Justice Act, on January 26, 2005. [Fairchild AR pages 000316–333; Aageson AR pages 000339–343; R Land AR pages 000323–340]

12. On February 9, 2005, the National Appeals Division of the United States Department of Agriculture refused to consider Plaintiffs' Application for Award of Attorney's Fees and Costs under the Equal Access to Justice Act (EAJA). [Fairchild AR page 000314; Aageson AR page 000336; R Land AR page 000320]

13. The National Appeals Division based its refusal to consider Plaintiffs' application on the Department of Agriculture's position that EAJA is not applicable to NAD proceedings except in areas under the jurisdiction of United States Court of Appeals for Circuits which have specifically held that EAJA applies to NAD proceedings. [Fairchild AR page 000314; Aageson AR page 000336; R Land AR page 000320]

This Court may also wish to reference Defendant's Answer, in which it admits virtually all of the key facts listed above.

Exhibit B

## DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS

Defendant United States of America submits the following Statement of Uncontroverted Facts in accordance with L.R. 56.1(a).

1. On March 17, 2004, the Farm Service Agency (FSA) denied Fairchild Farms, Inc.'s claim for loss under the 2003 Noninsured Crop Disaster Assistance Program (NAP). (Fairchild Farms AR pp. 139–141).

2. On April 21, 2004, FSA denied Aageson Grain and Cattle's claim for loss under the 2003 Noninsured Crop Disaster Assistance Program. (Aageson AR pp. 145–148; 149–151).

3. On May 19, 2004, FSA denied R Land, Inc.'s claim for loss under the 2003 Noninsured Crop Disaster Assistance Program. (R. Land AR pp. 143–145; 137–140).

4. All three denials were based on a Montana State Policy that excluded all perennial grasses from coverage during their first year of establishment. (Fairchild Farms AR pp. 139–141; Aageson AR pp. 145–148, 149–151; R Land AR pp. 137–140, 143–145).

5. Fairchild Farms, Inc., Aageson Grain and Cattle, and R Land, Inc. each filed a timely appeal of the adverse decision and the three appeals were combined for an in-person hearing before a National Appeals Division Hearing Officer on October 27 and 28, 2004. (Fairchild Farms AR pp. 135, 143; Aageson AR pp. 144, 164; R Land AR pp. 136, 147).

6. On November 26 2004, the Hearing Officer issued his Appeal Determination in each of the three appeals determining that FSA's decision to deny each appellant 2003 NAP benefits was erroneous. (Appeal Determination, Fairchild Farms AR pp. 146–151; Aageson AR pages 167–175; R Land AR pp. 150–154).

7. The NAD hearing officer found that FSA erred in denying coverage of a crop that is specifically included in the crops covered by NAP under 7 C.F.R. § 1437.5. Further, the hearing officer found that the policy adopted by the Montana State FSA, on which the denial of plaintiffs' claims were based, "goes beyond being over-restrictive and actually avoids the requirement for NAP coverage." (Appeal Determination, Fairchild Farms AR pp. 148–

149; Aageson AR pages 168–170; R Land AR pp. 151–152).

8. Farm Service Agency did not request review by the Director of the National Appeals Division in any of the three appeals and the appeal was administratively concluded on January 3, 2005. Notice of Conclusion of Appeal was mailed to each of the parties by the National Appeals Division on January 11, 2005. (Fairchild Farms AR pp. 283–284; Aageson AR pp. 305–306; R Land AR pp. 289–290).

9. Fairchild Farms, Aageson, and R Land filed a joint application for an award of attorney's fees and expenses in the amount of $17,943.84, pursuant to the Equal Access to Justice Act, on January 26, 2005. (Fairchild Farms AR pp. 316–333; Aageson AR pp. 339–343; R Land AR pp. 323–340).

10. On February 9, 2005, the National Appeals Division of the United States Department of Agriculture refused to consider plaintiffs' Application for Award of Attorney's Fees and Costs under the Equal Access to Justice Act (EAJA). (Fairchild Farms AR p. 314; Aageson AR p. 336; R Land AR p. 320).

11. The National Appeals Division based its refusal to consider plaintiffs' application on the Department of Agriculture's position that EAJA is not applicable to NAD proceedings except in areas under the jurisdiction of United States Court of Appeals for Circuits which have specifically held that EAJA applies to NAD proceedings. (Fairchild Farms AR p. 314; Aageson AR p. 336; R Land AR p. 320).